**UNITED STATES of America,**
**Appellee,**

v.

**Jeffrey Otis REDDEN, Defendant–**
**Appellant.**

**No. 05–1488–CR.**

United States Court of Appeals,
Second Circuit.

Feb. 16, 2006.

Celeste L. Koeleveld, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Victor L. Hou, on the brief) for Appellee, of counsel.

Frederick H. Cohn, New York, NY, for Defendant–Appellant.

PRESENT: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY, and Hon. JOHN R. GIBSON,* Circuit Judges.

### SUMMARY ORDER

Appeals from convictions for conspiring to distribute 50 grams or more of crack within 1000 feet of a school and for use of a firearm in furtherance of a conspiracy to distribute crack.

**UPON DUE CONSIDERATION,** it is **ORDERED, ADJUDGED, AND DE-CREED** that the judgment of the district court is **AFFIRMED.**

Jeffrey Otis Redden appeals from convictions entered March 15, 2005 by the

---

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

United States District Court for the Southern District of New York (Kaplan, *J.*). Redden challenges (i) the sufficiency of the evidence and (ii) the instruction that "PS 50 in the Bronx of course is a school as defined by law." We assume familiarity with the facts, the procedural history, and the issues on appeal.

1. On a challenge to the sufficiency of the evidence, the jury verdict must be upheld if *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Autuori,* 212 F.3d 105, 114 (2d Cir.2000) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). All inferences are to be drawn in favor of the government. *Id.*

■ Sufficient evidence supported convictions on both counts. The conspiracy count was supported by Redden's admission to having provided crack to a team of workers who sold it throughout the neighborhood. The 50–gram statutory limit was supported by testimony that Redden's group sold around 15 grams of crack per day for several months.

■ On the firearm count, eyewitnesses identified Redden as the shooter. The firearm count also required proof of a "nexus between the firearm and the drug selling operation." *United States v. Lewter,* 402 F.3d 319, 322 (2d Cir.2005). A nexus is established where the gun "afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking." *Id.* A reasonable jury could examine (i) the history of rivalries between small-scale crack dealers and the Rowe syndicate (including the Ilar Chester murder) and (ii) Redden's bad relations with the Rowe syndicate, and conclude that Redden intended to defend his independence from Rowe's control through the shooting. This intention would fulfill the statutory elements, even if Redden did not actually succeed in expanding his drug conspiracy. *Id.*

2. Because Redden did not object to the jury charge during his trial, we review for plain error. *United States v. Gonzalez,* 110 F.3d 936, 946–47 (2d Cir.1997). An error is plain if it is (i) an error (ii) which runs contrary to established law and (iii) which prejudiced defendant. *Id.* A jury charge which assumes an element of an offense only prejudices defendant if "the evidence in the record could rationally lead to a finding favoring the defendant on the omitted element." *United States v. Jackson,* 196 F.3d 383, 386 (2d Cir.1999). No rational jury could find P.S. 50 to be anything other than a public school. Thus, there was no prejudice from the jury instruction and no plain error.

For the foregoing reasons, the judgment of the district is affirmed.